UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CR 000-000  CR124-055 |
| MARGARET ASHBY | ) |

PLEA AGREEMENT

Defendant Margaret Ashby, represented by Defendant's counsel Robert T. Homlar, and the United States of America, represented by Assistant United States Attorney L. Alexander Hamner and Counterintelligence and Export Control Section Trial Attorney David J. Ryan, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count One of the Information, which charges a violation of 18 U.S.C. § 1924(a).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that Defendant was an officer, employee, contractor, or consultant of the United States, and by virtue of such office, employment, position, or contract, possessed documents or materials containing classified information of the United States; and (2) that Defendant knowingly removed such documents or materials without authority and with the intent to retain such documents or materials at an unauthorized location.

MA

Defendant agrees that the Defendant is, in fact, guilty of this offense. The Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

a. Under Executive Order 13526, information in any form may be classified if it: (1) is owned by, produced by or for, or is under the control of the U.S. Government; (2) falls within one or more of the categories set forth in the Executive Order (TOP SECRET, SECRET, and CONFIDENTIAL); and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security.

b. Under Executive Order 13526, the unauthorized disclosure of material classified at the "TOP SECRET" level ("TS"), by definition, "reasonably could be expected to cause exceptionally grave damage to the national security" of the United States. Exec. Order 13526 § 1.2(a)(1), 75 Fed. Reg. 707, 707–08 (Jan. 5, 2010). The unauthorized disclosure of information classified at the "SECRET" level ("S"), by definition, "reasonably could be expected to cause serious damage to the national security" of the United States. Exec. Order 13526 § 1.2(a)(2). The unauthorized disclosure of information classified at the "CONFIDENTIAL" level ("C"), by definition, "reasonably could be expected to cause damage to the national security" of the United States. Exec. Order 13526 § 1.2(a)(3).

c. Sensitive Compartmented Information ("SCI") means classified information concerning or derived from intelligence sources, methods, or analytical processes, which is required to be handled within formal access control systems.

MA

d. Classified information of any designation may be shared only with persons determined by an appropriate U.S. Government official to be eligible for access, and who possess a "need to know." Among other requirements, in order for a person to obtain a security clearance allowing that person access to classified United States Government information, that person is required to and must agree to properly protect classified information by not disclosing such information to persons not entitled to receive it, by not unlawfully removing classified information from authorized storage facilities, and by not storing classified information in unauthorized locations. If a person is not eligible to receive classified information, classified information may not be disclosed to that person. In order for a foreign government to receive access to classified information, the originating United States agency must determine that such release is appropriate.

e. Pursuant to Executive Order 13526, classified information contained on automated information systems, including networks and telecommunications systems that collect, create, communicate, compute, disseminate, process, or store classified information must be maintained in a manner that: (1) prevents access by unauthorized persons; and (2) ensures the integrity of the information.

f. 32 C.F.R. Parts 2001 and 2003 regulate the handling of classified information. Specifically, 32 C.F.R. § 2001.43, titled "Storage," regulates the physical protection of classified information. This section prescribes that SECRET and TOP SECRET information "shall be stored in a GSA-approved security container, a vault built to Federal Standard (FHD STD) 832, or an open storage area constructed in accordance

MA

with § 2001.53." It also requires, among other things, periodic inspection of the container and supplemental controls such as an Intrusion Detection System.

g. Beginning in or about March 2020 and continuing through in or about December 2023, the Defendant was a civilian employee of a component of the U.S. Department of Defense (hereinafter, the "Component"). Within this period, at times relevant to the charged offense, the Defendant worked at the Component's offices located in the Southern District of Georgia. As required for her duties with the Component, the Defendant held a Top Secret security clearance, which took effect upon her entry on duty in March 2020. In connection with her security clearance, the Defendant signed a lifetime binding non-disclosure agreement. In that agreement, the Defendant acknowledged that "all protected information to which I may obtain access hereafter, is and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law." Defendant further acknowledged that "the unauthorized disclosure of protected information may invoke the criminal sanctions prescribed by one or more of the following statutes Sections 793, 794, 798, 952, and 1924 of Title 18."

h. In addition to Defendant's Top Secret clearance, she maintained access to SECRET and TOP SECRET information within multiple SCI programs. In her indoctrination memorandum for such a program in March 2020, Defendant acknowledged that "THE NEED FOR SPECIAL PROTECTION OF THIS MATERIAL WAS MADE KNOWN TO ME, AND I WAS REMINDED THAT ACCECSS TO THIS MATERIAL IS GOVERNED BY THE TERMS OF THE

MA

[COMPONENT] SECURITY AGREEMENT THAT I HAVE PREVIOUSLY SIGNED." (Capitalization in original.)

i. Following March 2020, while working for the Component, the Defendant received periodic training on her duty to protect classified materials from unauthorized disclosure, which included complying with handling, transportation, and storage requirements. In particular, on multiple occasions the Defendant was advised that the unauthorized disclosure of TOP SECRET information reasonably could be expected to cause exceptionally grave damage to the national security of the United States and that a violation of the rules governing the handling of classified information could result in criminal prosecution.

j. From February 2022 to May 2022, the Defendant was, by virtue of her employment with the Component, in possession of documents and materials containing classified information of the United States. Throughout this period, the Defendant knew such documents and materials contained information originated, owned, or possessed by the U.S. Government concerning the national defense or foreign relations of the United States that had been determined pursuant to law or Executive Order to require protection against unauthorized disclosure in the interests of national security. Nonetheless, during this period, the Defendant knowingly removed such documents and materials without authority from the Component's offices in the Southern District of Georgia where they were lawfully authorized to be located, with the intent to retain them at unauthorized locations,

MA

including her residence in the Southern District of Georgia and in digital files saved via a personal computing device located in the Southern District of Georgia.

3.  Possible Sentence

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence: 5 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4.  No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5.  Court's Use of Sentencing Guidelines If Applicable

Where applicable, the Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. To the extent they apply, the Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. In cases where the Guidelines are applicable, the Court will consider that range and possible departures

MA

under the Sentencing Guidelines. In addition, in all cases, the Court will consider other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. Where applicable, the Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

   Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating any applicable Sentencing Guidelines range.

   b. <u>Acceptance of Responsibility</u>

   If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

   c. <u>Government's Obligations and Joint Sentencing Recommendation</u>

   This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). The Government agrees not to charge the Defendant with further violations of criminal prohibitions relating to classified information or national defense information (including the Espionage Act) based on facts currently known to the United States Attorney's Office for the Southern District of Georgia. In addition,

7

MA

the parties have jointly agreed to recommend to the court that the Defendant be sentenced to a term of thirty-six months' imprisonment.

7.  <u>Agreements Regarding Defendant's Cooperation</u>:

Defendant agrees to provide truthful, complete, and accurate information relating to any matter about which Defendant may possess knowledge, information, or materials being investigated by the government, and agrees to cooperate fully with the government. Lies, deliberate falsehoods, or misleading information provided during the cooperation with the government are grounds for rescission of this plea agreement as well as possible further prosecution for perjury or false statements. This cooperation may include, but is not limited to, the following:

1) Defendant agrees to be fully debriefed, and to attend all meetings at which her presence is requested, concerning her participation in and knowledge of all criminal activities.
2) Defendant agrees to affirmatively furnish to the government all documents and other material that may be relevant and that are in Defendant's possession or control.
3) Defendant agrees to testify fully and truthfully at any proceeding in the Southern District of Georgia or elsewhere as requested by the government.
4) Defendant agrees to at all times give complete, truthful, and accurate information and testimony and to fully and truthfully disclose all information with respect to the activities of Defendant and others concerning all matters about which the government inquires.
5) Defendant consents to postponements of her sentencing, as requested by the government and as approved by the Court. Should Defendant be required to provide testimony at a time subsequent to her sentencing in this case and should Defendant fail, at a later date, to comply with the obligation to testify, the government could seek to recharge her with violations of criminal prohibitions relating to classified information or national defense information (including the Espionage Act) based on facts currently known to the United States Attorney's Office for the Southern District of Georgia.
6) Defendant agrees she will not violate federal, state, or local law while awaiting sentencing in this case. The government may consider any

MA

such violations a material breach of her agreement to cooperate with the government.

The government agrees that any information and testimony given by Defendant pursuant to this agreement will not be used directly against her in any criminal case except for prosecutions for perjury, making a false statement, obstruction of justice, or for impeachment. Any information and testimony relating to Defendant's involvement in crimes of violence, as defined in Title 18, United States Code, Section 16, is excluded from this agreement.

8. **Financial Obligations and Agreements**

   a. **Restitution**

   The amount of restitution ordered by the Court shall include restitution for the costs incurred by the Component in the amount of $15,000.00. This amount is inclusive of any and all claims the Component or anyone acting on behalf of the Component has or may have against the Defendant. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

   b. **Special Assessment**

   Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   c. **Required Financial Disclosures**

   By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests,

whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d. <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

e. <u>No Transfer of Assets</u>

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

f. <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in

MA

this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

  g. <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9. <u>Pre-Publication Review Obligations</u>

The Defendant understands and agrees that she shall comply with all obligations to which she is subject for pre-publication review and shall not collaborate on, consult about, or otherwise assist or be involved with any communications of information relating to classified subject areas to which she was exposed while working as an employee of or contractor for the United States Government with any other person, without first obtaining the express written permission of all relevant agencies or components of the United States Government This prohibition includes, but is not limited to, any interviews of the Defendant, or anyone representing or acting on her behalf with her consent, by the media or others. This prohibition also includes any documents or other information created by the Defendant in the past or future, in whole or in part, and any other papers, books, writings, electronic

MA

communications, articles, films, or other productions relating to her or her work as an employee of or contractor for the United States Government.

10. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

   c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United

MA

States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of her guilty plea.

11.    <u>Satisfaction with Counsel</u>

MA

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

Defendant agrees that if the government can show that Defendant lied, made deliberate falsehoods, or intentionally provided misleading information to the government or law enforcement authorities, or if Defendant does not fulfill the terms of or does not complete the cooperation as required under this agreement, then any information or testimony which Defendant has provided in connection with the above referenced cooperation can be used in any prosecution against Defendant. If the

MA

government alleges such conduct, it will have the burden of establishing the alleged conduct at a separate hearing by a preponderance of the evidence.

13. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

JILL E. STEINBERG
UNITED STATES ATTORNEY

9/18/24
Date

Tania Grover
Chief, Criminal Division

9/18/24
Date

AUSA L. Alexander Hamner
Indiana Bar No. 31996-41
Assistant United States Attorney

MATTHEW G. OLSEN
ASSISTANT ATTORNEY GENERAL

September 5, 2024
Date

David J. Ryan
Trial Attorney
U.S. Department of Justice
National Security Division
Counterintelligence & Export
Control Section

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

15

MA

8/31/24
Date

_Margaret Ashby_
Margaret Ashby
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

9/6/24
Date

Robert T. Homlar
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR: 000-000 |
| | ) | |
| MARGARET ASHBY | ) | |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change Defendant's plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 23rd day of October 2024.

_____
J. Randal Hall
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA